IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURTIS E. LEWIS,

    Plaintiff,

v.                                                                         CASE NO. 5:05cv244/MCR/AK

LINDA S. McMAHON,

    Defendant.
_____/

**O R D E R**

    This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated February 8, 2007. The parties have been furnished copies of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). No objections have been filed. Upon consideration, the court adopts and incorporates by reference into this order Sections A through E of the Report and Recommendation, in their entirety. The court also adopts and incorporates by reference Sections F and G, as modified below.

    As to Section F, Summary of the Administrative Hearing, because the administrative law judge ("ALJ") found that Plaintiff was able to perform a significant range of sedentary work only, discussion of the first hypothetical question posed to the vocational expert ("VE") regarding Plaintiff's ability to perform light work is unnecessary. Accordingly, sentences four through six of the first full paragraph of Page 15 of the Report and Recommendation

are deleted.[1]  The second paragraph of Page 15,[2] which references the second hypothetical question posed to the VE, is also deleted.  The following paragraph is substituted:

> In a hypothetical question regarding Plaintiff's ability to perform work activities, the ALJ asked the VE to assume an individual who was able to stand two hours, sit approximately six hours, and lift up to ten pounds occasionally but who could not climb and could not work at heights or around dangerous machinery. (R. 316).  The VE testified that such an individual could perform the jobs of information clerk, telemarketer, surveillance system monitor, charge account clerk, and food and beverage order clerk. (R. 316-318).

Section (G) is the Discussion portion of the Report and Recommendation.  First, because Plaintiff does not explicitly raise or argue a treating physician's claim regarding any opinions of total disability expressed by his doctors, the court shall not consider the issue.  Subsection (b), Weight of Medical Evidence, is therefore deleted.[3]

Subsection (a) of Section G, Pain Standard, is adopted without modification.[4]  After the first paragraph, however, the following paragraph shall be added:

> The court has determined that the ALJ's credibility determination regarding Plaintiff's hearing testimony is not supported by substantial evidence.  Although the court therefore concludes that Plaintiff's hearing testimony

---

[1] This paragraph commences with "The VE was then questioned . . ." and ends with "The VE also listed several other jobs in the national economy such as ticket seller, cashier, officer helper, and gate guard. ®.313-316)."

[2] The second paragraph states, "A second hypothetical added the assumption that he could stand two hours, sit approximately six hours, and lift up to 10 pounds occasionally. ®. 316). The expert added telemarketer, surveillance monitor, charge account clerk, food and beverage order clerk, and information clerk to the number of jobs he could perform. ®. 316-318)."

[3] Plaintiff's argument regarding his treating physician, Robert D. Gruber, D.O., pertains to whether Dr. Gruber's medical records satisfy the standard that is applied when evaluating disability based on a claimant's pain testimony.  Plaintiff does not specifically argue that the ALJ erred in discounting Dr. Gruber's opinion of total disability.

[4] When questioned about his pain, Plaintiff testified that he could "sometimes" sit for an hour, could stand for one to two hours if he is able to lean against something, and lift objects weighing approximately ten pounds.  According to Plaintiff, he is unable to walk as far as one block.  (R. 296-304).

Case No: 5:05cv244/MCR/AK

should be accepted as true, it nevertheless finds that on the present record Plaintiff has not satisfied the three-part Hand test for establishing disability based on pain testimony or other subjective symptoms. Although Plaintiff has met the first prong of the Hand test because there is record evidence of several underlying medical conditions that could cause the pain of which he complains, Plaintiff has not satisfied the second or third prongs of the Hand inquiry. Based on the reasons outlined by the ALJ (R. 17-18), which this court finds are supported by substantial evidence, the objective medical evidence currently of record is not sufficient to confirm that the pain is so severe as to be completely disabling. Nor does the record, as presently developed, reflect that the medical conditions are of such severity they could reasonably be expected to give rise to pain that is totally disabling. Upon remand of this case for development of the record to obtain additional VE testimony, Plaintiff should also be free to augment the record with such additional relevant medical evidence as he may possess. In addition, the Commissioner should further develop the record by obtaining a consultative examination of Plaintiff by a rheumatologist, an evaluative procedure repeatedly recommended by treating physician Dr. Gruber, as well as any other consultative examinations the Commissioner may deem appropriate for assessing Plaintiff's claim of disability.

Finally, subsection (c) of Section G, Hypothetical to the Vocational Expert, is modified as follows. The first full paragraph of Page 23 is deleted, as is the second paragraph of Page 23, and the following paragraph is substituted in their place:

> As set forth above, Plaintiff's hearing testimony regarding pain should be accepted as true. Pain was not, however, specifically included in the hypothetical question posed to the VE. Because the ALJ relied on the VE's response to the hypothetical question in finding Plaintiff could perform a significant range of sedentary work, the ALJ's decision is not supported by substantial evidence. Thus this cause is due to be remanded for further proceedings. Upon remand, any hypothetical questions presented to the VE upon which the ALJ seeks to rely should include reference to pain, consistent with Plaintiff's testimony at the February 5, 2005, administrative hearing as well as any other evidence regarding Plaintiff's pain that may be developed.

In summary, the court adopts the Report and Recommendation, as modified. This case shall be remanded to the Commissioner for further proceedings, to include the taking of additional vocational expert testimony and other evidence, as set forth above, that may

be appropriate in evaluating Plaintiff's claim of entitlement to disability benefits.[5]

Accordingly, it is ORDERED:

1.   Sections A through E of the Report and Recommendation, in their entirety, are adopted and incorporated by reference in this order.  The court also adopts and incorporates by reference Sections F and G, as modified above.

2.   The decision of the Commissioner denying benefits is REVERSED and this cause is REMANDED for further proceedings consistent with this order.

**DONE AND ORDERED** this 26th day of March, 2007.


_s/ M. Casey Rodgers_
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**

---

[5] The court notes that the Magistrate Judge's recommendation that Plaintiff's testimony and the opinions of the treating physicians must be taken as true in effect mandates that the Commissioner award benefits upon remand.  This court does not agree that no issues remain for consideration upon remand.  Rather, it concludes that additional testimony should be taken from a VE that includes Plaintiff's allegations of pain.  In addition, the record should be further developed with additional medical evidence regarding Plaintiff's condition as of December 31, 2006, the date through which he was insured for disability benefits.

Finally, the court is aware of the animus that existed between the ALJ and Plaintiff's counsel at the hearing.  The court expects that on remand all participants will conduct themselves with appropriate civility and decorum.  Accordingly, the court sees no need to request that a different ALJ be assigned to this case.

Case No: 5:05cv244/MCR/AK